ROBERTSON, Justice:
The employer and insurance carrier appeal from a judgment of the Circuit Court of Harrison County affirming an order of the Workmen’s Compensation Commission which, by a 2 to 1 vote, affirmed the order of the Attorney-Referee. The order of the. Attorney-Referee found that as a result of an accidental injury, the claimant suffered a total loss of use of his right leg.
The appellants contend that the finding of the Workmen’s Compensation Commission that the claimant suffered a total loss, of use of his right leg is against the overwhelming weight of the evidence. We-agree with the appellants in this contention and reverse the judgment of the lower court.
On August 14, 1963, Ward was operating’ a tractor on a sloping dirt bank. When the bank began to cave in and the tractor appeared to be turning over, Ward jumped, from the tractor and injured his right knee..
Dr. William J. Anderson, Jr., specializing-in general surgery, on September 4, 1963,. operated on the claimant’s right knee and removed both the medial and lateral ligaments of the right knee. The claimant’s recovery from the operation was uneventful' except that he now has some atrophy of the-right leg. This is largely due. to the wasting of the quadriceps muscle, which is the large muscle stretching from the hip to the knee.
Dr. E. J. Holder, orthopedic surgeon, who. was the last doctor to examine the claimant,, on March 25, 1965, found that there was a one-half inch atrophy of the calf and thigh by measurement as compared to the other leg. Dr. Holder also found that there was some weakness generally of the quadriceps and flexor muscles about the right knee as compared with the left knee.
During the course of his post-operative treatments, the claimant was examined by four doctors, Dr. William J. Anderson, Jr., general surgeon; Dr. Charles L. Neill, neurosurgeon; Dr. Oney C. Raines, Jr., general *27 practitioner; and Dr. E. J. Holder, orthopedic surgeon.
Dr. Anderson, who performed the operation, testified that the claimant had permanent partial disability of 15% of the night leg. This was broken down as being 10% disability due to the knee itself, and 5% due to the muscle atrophy.
Dr. Neill testified that there was no disability from a neurological standpoint, and that as a general rule good strength is pre-served even though some muscle volume is lost. Dr. Neill made no special recommen-dations from a neurological standpoint, ex-cept continued use of the knee and the leg. He stated that the more active the claimant is the better off he will be, and he would "have advised him to go on trying to work. As to the per cent of disability, Dr. Neill •said: “I would rather reserve the disability •opinion from a muscular wasting and weakness standpoint entirely to the orthopedic people.”
Dr. Raines testified that the claimant suffered about a 25% disability to his right leg. Dr. Holder the orthopedic surgeon, estimated that he had a 10% permanent partial disability to the right lower extremity.
It is true that at one place in his testimony, Dr. Anderson testified that if there were some spinal degeneration or nerve degeneration that there could be a 100% disability to the leg, but this possibility was ruled out and negatived by Dr. Charles Neill, the neurosurgeon, to whom Dr. An•derson referred the claimant for examination from a neurological standpoint. So we must return to Dr. Anderson’s latest opinion that he suffered a 10% disability to the knee itself. There is thus no testimony whatsoever in the record that the claimant has suffered a total loss of use of his right leg. There is no conflict in the testimony of the doctors. They differ only as to the percentage of disability and even the range of their estimates is rather narrow, ranging from 10% to 25%.
We feel that there is no substantial testimony supporting the judgment of the lower court that the claimant has suffered a total loss of use of his right leg, and, therefore, the judgment of the lower court is reversed and the cause remanded to the Workmen’s Compensation Commission for a determination of the percentage of the permanent partial disability of the claimant in accord with the testimony adduced.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.